IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ORLANDO LARRY,**

        Petitioner,

v.                                     **CIVIL ACTION NO. 5:22-CV-225**
                                              Judge Bailey

**R.M. WOLFE,** (Warden)**,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On September 15, 2023, the *pro se* petitioner, Orlando Larry ("petitioner") filed a filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On October 25, 2022, petitioner paid the $5 filing fee. [Doc. 9]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the Bureau of Prison's ("BOP") calculation of his sentence. On February 16, 2023, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 13]. On April 5, 2023, petitioner filed a brief in opposition to the Motion. [Doc. 20]. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be granted and the petition be denied and dismissed with prejudice.

1

## II. BACKGROUND[1]

### A. Convictions and Sentences

On August 28, 2013, petitioner was arrested by Wisconsin in relation to a probation revocation in Wisconsin State Case Number 08CF1303. [Doc. 14-1 at 1]. While still in state custody, on October 10, 2013, petitioner was named in a nine-count indictment in the United States District Court for the Western District of Wisconsin. On February 17, 2014, petitioner's supervision was revoked in the Wisconsin State case and he was sentenced to one year, six months, and one day imprisonment. Following a jury trial in his federal case, petitioner was found guilty of six counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1); two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); and one count of distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On September 26, 2014, petitioner was sentenced to a total term of 240 months imprisonment, to be served consecutively with the sentence imposed in Wisconsin State Case Number 08CF1303.[2]

According to the BOP's website, petitioner's projected release date, via good conduct time, is November 19, 2030.

---

[1] The information in this section is taken from the exhibits provided with respondent's Motion to Dismiss or for Summary Judgment and from petitioner's criminal docket available on PACER. See **USA v. Larry**, 3:13-CR-00130-bbc-1 (W.D. Wi. 2013). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] The undersigned notes that the Judgment order in petitioner's federal case was later amended and re-imposed on January 4, 2016. However, the sentence and the relationship to Wisconsin State Case Number 08CF1303 remained unchanged.

**B.     The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner alleges that the BOP has unlawfully denied him credit for time served in state custody beginning on August 28, 2013.

### III.     LEGAL STANDARDS

**A.     Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." **Id**. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of

the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  ***Id***. at 396–97.

**B.     Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."  ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Upon review, the undersigned finds that petitioner's claim is without merit and should be dismissed with prejudice. Petitioner contends that the BOP should credit him toward his federal sentence for time spent in state custody, beginning August 28, 2013. [Doc. 1 at 5]. The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Petitioner's federal sentence commenced November 4, 2014. *See* [Doc. 14-1 at 2]. Petitioner was initially arrested on August 28, 2013. *See* [Docs. 1 at 5; 14-2 at 10]. The period from petitioner's arrest on August 28, 2013, until the beginning of his federal sentence on November 4, 2014, was credited toward petitioner's sentence in Wisconsin State Case Number 08CF1303. [Doc. 14-2 at 10; 14–16]. Accordingly, under 18 U.S.C. § 3585, petitioner is not entitled to have this time credited toward his federal sentence. Further, as noted above, petitioner's federal sentence was ordered to be

5

served consecutively with the sentence imposed by the state of Wisconsin.  *See* [Doc. 14-2 at 19].

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 13**] be **GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court.  The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  April 6, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE