IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ORLANDO LARRY,**

        Petitioner,

v.                                  **Civil Action No. 5:22-CV-225**
                                      Judge Bailey

**R.M. WOLFE,** (Warden),

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon Magistrate Judge Mazzone's recommendation that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 13] be granted and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1]

On August 28, 2013, petitioner was arrested by Wisconsin State Authorities in relation to a probation revocation in Wisconsin State Case Number 08CF1303. [Doc. 14-1 at 1]. While still in custody, on October 10, 2013, petitioner was named in a nine-count indictment in the United States District Court for the Western District of Wisconsin. On February 17, 2014, petitioner's supervision was revoked in the Wisconsin State case and

---

[1]The information in this section is taken from the exhibits provided with respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment and from petitioner's criminal docket available on PACER. See **USA v. Larry**, 3:13-cr-00130-bbc-1 (W.D. Wi. 2013).

he was sentenced to one year, six months, and one day imprisonment. Following a jury trial in his federal case, petitioner was found guilty of six counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1); two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1); and one count of distribution of 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On September 26, 2014, petitioner was sentenced to a total term of 240 months imprisonment, to be served consecutively with the sentence imposed in Wisconsin State Case Number 08CF1303.

According to the BOP's website, petitioner's projected release date, via good conduct time, is November 19, 2030.

On September 15, 2022, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* [Doc. 1]. In his petition, petitioner alleges that the BOP has unlawfully denied him credit for time served in state custody beginning on August 28, 2013.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d

2

44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure.  Petitioner filed his objections [Doc. 23] on April 24, 2023.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

18 U.S.C. § 3585 states:

> Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for anytime he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In the R&R, Magistrate Judge Mazzone found that found that petitioner's claim is without merit and should be dismissed with prejudice. In reaching his conclusion, Magistrate Judge Mazzone stated:

> The period from petitioner's arrest on August 2013, until the beginning of his federal sentence on November 4, 2014, was credited toward petitioner's sentence in Wisconsin State Case Number 08CF1303. Accordingly, under 18 U.S.C. § 3585, petitioner is not entitled to have this time credited toward his federal sentence.

[Doc. 21 at 5].

Petitioner filed objections to the R&R on April 24, 2023. Therein, petitioner argues that the time he spent in custody from August 28, 2013 through November 4, 2014, in connection with his federal case was not credited towards his Wisconsin state sentence in 08CF1303. [Doc. 23 at 5]. Thus, petitioner claims he should receive the credit towards his federal sentence. [Id.].

Petitioner is wrong. Petitioner received credit from August 28, 2013, through November 4, 2014, towards his Wisconsin state sentence. *See* [Doc. 14-2 at 10, 14–16]. As such, this Court does not find petitioner's objections persuasive and, upon *de novo* review, finds that the Magistrate Judge reached the correct conclusion. The time petitioner spent in state custody from August 28, 2013, through November 4, 2014, was applied to petitioner's state sentence in Wisconsin State Case Number 08CF1303. Accordingly, this time cannot be applied to his federal sentence pursuant to 18 U.S.C. §

3585(b). Thus, this Court overrules petitioner's objections and will deny and dismiss his petition with prejudice.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 23]** are **OVERRULED**. The respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 13] is hereby **GRANTED** and petitioner's § 2241 petition **[Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: April 27, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE